# United States Tax Court

T.C. Summary Opinion 2023-23

FERNANDO PONCE AND NATALIE PONCE,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 24985-21S.                          Filed July 18, 2023.

————

*Christina Weed*, for petitioners.

*Melody Morales*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b),[1] the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 6, 2021, respondent determined a deficiency in petitioners' federal income tax of $3,962 for taxable year 2018 (year in issue).

----

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issue for decision is whether a payment of $15,000 received by petitioner Fernando Ponce (petitioner) from the settlement of a lawsuit is includible in petitioners' income for the year in issue.

*Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts and attached Exhibits by this reference. The record consists of the Stipulation of Facts with attached Exhibits and the testimony of Fernando Ponce. Petitioners resided in California when the Petition was timely filed.

Petitioner worked as a sales associate at Diamond Wireless, LLC, selling cellphones, cellphone plans, and accessories between 2008 and 2010. Petitioner was paid a salary and commissions, which could vary from $100 to $800 per day. From 2012 to 2017 petitioner participated in a class action lawsuit, *Harmon v. Diamond Wireless LLC*, No. 34-2012-00118898 (Cal. Super. Ct. filed Feb. 17, 2012) for wage and hour claims against his employer in the Superior Court of the State of California. Petitioner was a lead plaintiff in the case.

As a lead plaintiff, petitioner took time off from work and incurred some expenses in pursuing the claim. According to settlement documents, petitioner was paid $15,000 as a "service award" for his settlement efforts in litigating the wage and hours claim against Diamond Wireless. The settlement documents also indicated that the payment was made to reasonably compensate petitioner for the efforts he made and the risks he took in filing and prosecuting the action. The payment was made to petitioner through a qualified settlement fund, Diamond Wireless QSF.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for the year in issue. The return did not include the $15,000 received from Diamond Wireless QSF. Diamond Wireless QSF reported to the Internal Revenue Service that petitioner had received $15,000 in nonemployee compensation. Petitioners' return was selected for audit for the year in issue.

---

[2] Petitioners conceded $450 of taxable wages attributable to Diamond Wireless QSF, $693 of a state income tax refund, $450 of other income, and $30 of interest for tax year 2018.

*Discussion*

I.    *Burden of Proof*

Generally, the Commissioner's determination in a notice of deficiency is presumed correct, and the taxpayers bear the burden of proving that the determination is erroneous.  *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[3]

Petitioners do not dispute the amount reported by Diamond Wireless QSF nor their receipt of the amount reported.  They assert only that the amount received as a service award was reimbursement and therefore not taxable.  Accordingly, respondent's determination of unreported income is presumed correct, and petitioners have the burden of proving that the determination is erroneous.

II.   *Unreported Income*

Gross income includes "all income from whatever source derived." § 61(a).  Payments that are "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion" are taxable as income unless an exclusion applies.  *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431 (1955).

Proceeds from settlement of litigation generally constitute gross income unless a taxpayer proves that the proceeds fall within a specific statutory exclusion.  *See Commissioner v. Schleier*, 515 U.S. 323, 328–37 (1995); *Save v. Commissioner*, T.C. Memo. 2009-209.

Generally, recovery of capital is not income.  *See United States v. Safety Car Heating & Lighting Co.*, 297 U.S. 88, 98 (1936); *Milenbach v. Commissioner*, 318 F.3d 924, 933 (9th Cir. 2003) (noting that proceeds that represent compensation for lost value or capital generally are not taxable), *aff'g in part, rev'g in part* 106 T.C. 184 (1996).  Whether a payment received in settlement of a claim represents a recovery of capital depends on the nature of the claim that was the basis for the settlement.  *See Spangler v. Commissioner*, 323 F.2d 913, 916 (9th Cir. 1963), *aff'g* T.C. Memo. 1961-341.

---

[3] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioners have neither alleged that section 7491(a) applies nor established their compliance with its requirements.  Therefore, petitioners bear the burden of proof.

Petitioners assert that the service award received from the settlement was reimbursement for expenses incurred during the litigation process and constitutes a recovery of capital. Petitioner testified that he traveled, took time off work, and regularly communicated with law firms in pursuing the litigation. While we have no doubt that petitioner incurred expenses in pursuing the class action lawsuit, there is nothing in the record from which the Court could estimate any expenses.

Additionally, petitioners offered up documents concerning the Commissioner and another named plaintiff in the class action lawsuit. The parties in that matter had resolved a discrepancy in the same tax year in issue involving the same service award. Petitioners assert that the other taxpayer's service award was deemed excludable from gross income and not taxable.

While we may give the Commissioner's determinations involving another taxpayer some consideration, we are not bound by them. *See Taproot Admin. Servs., Inc. v. Commissioner*, 133 T.C. 202, 208–09 (2009), *aff'd*, 679 F.3d 1109 (9th Cir. 2012). Even if we were to consider the documents concerning another taxpayer, the record does not support petitioners' assertion that the service award is nontaxable. The documents concerning another taxpayer simply demonstrate the Commissioner had proposed changes to his tax return for tax year 2018 and that a discrepancy had been resolved.

While we recognize that petitioner may have expended time and money to pursue his claim, from the record before us we are unable to conclude that the service award was a reimbursement for expenses incurred in pursuing the lawsuit or that it is excludable from petitioners' income. Even if we were to find that the service award represented reimbursement for expenses, the record is vague and insufficient as to the nature of expenditures petitioner made in support of the lawsuit. Accordingly, respondent's determination is sustained.

We have considered all of petitioners' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*